1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

ALEKSANDRA PETKOVIC,

Plaintiff,

v.

GARRISON PROPERTY AND
CASUALTY INSURANCE
COMPANY,

Defendant.

C23-1808 TSZ

ORDER

14

15

16

THIS MATTER comes before the Court on Defendant Garrison Property and

Casualty Insurance Company's motion to dismiss or transfer for improper venue, docket

no. 7.  Having reviewed all papers filed in support of, and in opposition to, the motion,

the Court enters the following order.

17

**Background**

18

19

20

21

22

On December 20, 2020, Plaintiff Aleksandra Petkovic was skiing in Arizona when

Sam Terpstra allegedly "smashed into" her (the "skiing collision").  Compl. at ¶ 3.1

(docket no. 1).  As a result of the skiing collision, Plaintiff sustained serious injuries and

received treatment for her injuries in Arizona.  Id.; Jones Decl. at ¶ 9 (docket no. 8); Ex.

23

ORDER - 1

1   D to Jones Decl. (docket no. 8-4).  Plaintiff is currently a Washington D.C. resident, but

2   she was an Arizona resident at the time of the skiing collision.  Compl. at ¶ 1.1; Ex. 2 to

3   Kastan Decl. (docket no. 9-2 at 2).  Plaintiff alleges that Sam Terpstra was a Washington

4   resident during the events giving rise to this action.  Compl. at ¶ 1.1.

5       Defendant issued a Renters Protection Policy, which was effective from

6   October 29, 2020, to October 29, 2021, to Sam Terpstra as the "Named Insured," with a

7   Tempe, Arizona "Basing Address" (the "Arizona Renters Policy").  Ex. A to Jones Decl.

8   (docket no 8-1).  Defendant also issued a Renters Protection Policy, which was effective

9   from May 19, 2020, to May 19, 2021, to Rosella Terpstra, Sam Terpstra's mother, as the

10  "Named Insured," with a Redmond, Washington "Basing Address" (the "Washington

11  Renters Policy").  Ex. B to Jones Decl. (docket no. 8-2).

12      Sometime prior to May 10, 2021, Defendant opened a claim under the Arizona

13  Renters Policy.  See Ex. C to Jones Decl. (docket no. 8-3).  On July 18, 2022, Plaintiff,

14  through counsel located in Arizona, sent Defendant a letter demanding $5,000,000 to

15  settle Plaintiff's claims against Sam Terpstra.  Ex. E to Jones Decl. (docket no. 8-5 at 5).

16  In that letter, Plaintiff's Arizona counsel stated that he believed the Arizona Renters

17  Policy provided coverage and that Rosella Terpstra's Washington Renters Policy also

18  provided coverage because Sam Terpstra was a recent high school graduate.  Id. at 7.

19  Upon receiving Plaintiff's Arizona counsel's letter, Defendant opened a second claim

20  under Rosella Terpstra's Washington Renters Policy and noted the need to investigate

21  potential coverage under that policy.  Jones Decl. at ¶ 12.

22

23

ORDER - 2

1    On August 30, 2022, Roxane Jones, who handles claims on behalf of Defendant,

2  spoke with Rosella and Kevin Terpstra, Sam Terpstra's parents.  Jones Decl. at ¶ 16

3  (docket no. 8).  Rosella and Kevin Terpstra represented that Sam Terpstra did not live

4  with them in Washington and had moved to Arizona in August 2020 to live with his

5  brother.  Id.  Rosella and Kevin Terpstra also represented that Sam Terpstra was

6  completely financially independent, had his own insurance policies, and was not covered

7  under their policies.  Id.  As a result of this conversation, Roxane Jones informed Rosella

8  and Kevin Terpstra via email that coverage under Rosella Terpstra's Washington Renters

9  Policy was declined "because [Sam Terpstra] was not a resident of their household and

10  therefore did not meet the definition under Rosella's policy for a covered person."  Id. at

11  ¶ 17.

12    On September 9, 2022, Plaintiff filed a lawsuit against Sam Terpstra in Maricopa

13  County Superior Court (the "underlying lawsuit"), asserting a negligence cause of action.

14  Compl. at ¶ 3.2; Underlying Lawsuit Compl. (docket no. 8-10).  Pursuant to the Arizona

15  Renters Policy, Defendant retained an attorney in Arizona to represent Sam Terpstra in

16  the underlying lawsuit.  Jones Decl. at ¶ 11.  In the underlying lawsuit, Plaintiff alleged,

17  and Sam Terpstra admitted, that he "was and is at all times material hereto and currently"

18  an Arizona resident.  Underlying Lawsuit Compl. at ¶ 2, Ex. J to Jones Decl. (docket no.

19  8-10); Underlying Lawsuit Answer at ¶ 2, Ex. K to Jones Decl. (docket no. 8-11).

20    On February 17, 2023, Roxane Jones spoke with Sam Terpstra, and he "stated that

21  he did not reside with his parents since moving to Arizona in August of 2020."  Jones

22  Decl. at ¶ 23.  Sam Terpstra also stated that he (1) did not use Rosella Terpstra's address

23

on his driver's license or other documents, (2) was registered to vote in Arizona, (3) did not receive mail, leave any personal possessions, or have a room at Rosella Terpstra's house, (4) had been on a full scholarship at Arizona State University, but left school after one year, and was working full time at a restaurant, (5) sometimes visited Rosella Terpstra's house during holidays, and (6) intended his residence in Arizona to be permanent.  Id.  Roxane Jones emailed Sam Terpstra's parents reiterating that coverage was denied under the Washington Renters Policy because Sam Terpstra was not a resident of Rosella Terpstra's household.  Id. at ¶ 24.

On November 21, 2023, Plaintiff and Sam Terpstra executed a Settlement of Agreement and Assignment of Claims.  Ex. 2 to Kastan Decl. (docket no. 9-2).  Pursuant to the Settlement of Agreement and Assignment of Claims, Sam Terpstra stipulated to the entry of a $10,000,000 covenant judgment against him in consideration for his assignment to Plaintiff of his potential claims against Defendant.  Id. at 7.  Also on November 21, 2023, Sam Terpstra executed a declaration, which states that his parents and his younger brother lived in Washington at the time of the ski collision and that he believed his parents' Washington home "could also be considered [his] residence."  Sam Terpstra Decl. at ¶ 7 (docket no. 9-1 at 2).

On November 24, 2023, Plaintiff filed the instant action, asserting claims for (1) breach of contractual duty to defend and indemnify under the Washington Renters Policy, (2) bad faith refusal to defend and indemnify without a reasonable investigation under Washington law, and (3) violation of the Washington Consumer Protection Act.  Compl. at ¶¶ 6.1–8.3.  Defendant moves to dismiss for improper venue.  Def.'s Mot. at 9–

1  11 (docket no. 7).  In the alternative, Defendant moves to transfer this action to the

2  District of Arizona.  Id. at 11–18.

3  **Discussion**

4  **A.      Defendant's Motion to Dismiss**

5         Defendant argues that this case should be dismissed because the Western District

6  of Washington is an improper venue.  Id. at 9–11.  Defendant issued an insurance policy,

7  which lists a Washington address as the "Basing Address," to Rosella Terpstra.  Ex. B to

8  Jones Decl.  The Court concludes that the Western District of Washington is a proper

9  venue because Defendant does business in this district and is subject to this Court's

10  personal jurisdiction for this action.  See Hoyt v. Liberty Mut. Grp. Inc., No. 20-CV-379,

11  2021 WL 966018, at *3 (E.D. Wash. Mar. 15, 2021).  Thus, Defendant's motion to

12  dismiss is DENIED.

13  **B.      Defendant's Motion to Transfer**

14         Defendant alternatively moves to transfer this case pursuant to 28 U.S.C.

15  § 1404(a), arguing that the convenience of the parties and witnesses, and the interest of

16  justice, favors transfer to the District of Arizona.  Def.'s Mot. at 11–18.  Section 1404(a)

17  provides, "For the convenience of parties and witnesses, in the interest of justice, a

18  district court may transfer any civil action to any other district or division where it might

19  have been brought."[1]  Having determined that this action "might have been brought" in

20

21

22  [1] Plaintiff's lawsuit "might have been brought" in the District of Arizona because a substantial part of the
    events that give rise to Plaintiff's claims occurred in Arizona.  See Hoyt, 2021 WL 966018, at *3.  In fact,

23

1    the requested venue, the Court must decide whether to exercise its discretion to transfer

2    the case for the convenience of the parties and witnesses, and in the interest of justice.

3    See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (calling for "an

4    individualized, case-by-case consideration of convenience and fairness").  To make this

5    determination under Section 1404(a), courts may consider the following factors:

6            (1) the location where the relevant agreements were negotiated and executed,
             (2) the state that is most familiar with the governing law, (3) the plaintiff's
7            choice of forum, (4) the respective parties' contacts with the forum, (5) the
             contacts relating to the plaintiff's cause of action in the chosen forum, (6) the
8            differences in the costs of litigation in the two forums, (7) the availability of
             compulsory process to compel attendance of unwilling non-party witnesses,
9            and (8) the ease of access to sources of proof.   Additionally, [(9)] the
             presence of a forum selection clause . . . . [and (10)] the relevant public
10           policy of the forum state, if any, . . . [are] significant . . . factor[s] . . . .

11   Id. at 498–99.

12           The Court has considered the multiple Jones factors and concludes that they

13   support transferring this action to the District of Arizona.  Although Plaintiff brings this

14   action as an assignee of Sam Terpstra, and Sam Terpstra now asserts that his parents

15   lived in Washington and he considered his parents' Washington home as his residence at

16   the time of the ski collision, nearly all of the events giving rise to Plaintiff's claims in this

17   action occurred in Arizona.  See Hoyt, 2021 WL 966018, at *3 (noting that, in an

18   insurance coverage action, courts look "to the underlying events for which coverage is

19   sought" to establish venue (citation omitted)).  The underlying event for which Plaintiff

20

21   _____

22   Plaintiff actually filed a complaint in Arizona state court in September 2022, and alleged that Sam
     Terpstra was a resident of Arizona.

23

ORDER - 6

1   seeks insurance coverage is the ski collision, which occurred in Arizona.  Plaintiff was

2   living in Arizona at the time of the ski collision and was treated for her injuries from the

3   ski collision in Arizona.  This action has little connection to the Western District of

4   Washington, Plaintiff's chosen forum is entitled to less weight because Plaintiff does not

5   reside in Washington, the record contains contradictory information concerning Sam

6   Terpstra's residence, and the operative events occurred in Arizona.  Gates v. USAA Cas.

7   Ins. Co., No. 22-CV-787, 2023 WL 3692936, at *2 (W.D. Wash. Mar. 22, 2023) (noting

8   that a plaintiff's choice of forum is given less deference "when a plaintiff does not reside

9   in the forum or operative events occurred elsewhere" (citation omitted)).  Furthermore,

10   the witnesses to the ski collision and to Plaintiff's subsequent treatment are in Arizona,

11   and most of the witnesses to the issue of whether Sam Terpstra is covered under Rosella

12   Terpstra's Washington Renters Policy are in Arizona.[2]  Thus, Defendant's motion to

13   transfer is GRANTED.

14   **Conclusion**

15          For the foregoing reasons, the Court ORDERS:

16          (1)     Defendant's motion to dismiss or transfer, docket no. 7, is DENIED in part

17   and GRANTED in part.  The requested dismissal is DENIED, but the motion is otherwise

18   GRANTED.  The Clerk is directed to TRANSFER this action to the District of Arizona.

19

20

_____

21   [2] Plaintiff's alternative argument that she is the first to file, see Pl.'s Resp. at 5 (docket no. 13), does not
    require a different approach in this case.  See Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95
22   (9th Cir. 1982).

23

ORDER - 7

1      (2)     The Clerk is also directed to send a copy of this Order to all counsel of

2  record.

3      IT IS SO ORDERED.

4      Dated this 19th day of April, 2024.

5

6

7      Thomas S. Zilly
       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8